ARNOLDO CASILLAS, SBN 158519
CHRISTIAN F. PEREIRA, SBN 251599
CASILLAS & ASSOCIATES
3777 Long Beach Boulevard, 3rd Floor
Long Beach, California 90807
PH: (562) 203-3030
FX: (323) 725-0350
Email: acasillas@casillaslegal.com,
cpereira@casillaslegal.com

Attorneys for Plaintiffs Joe Ortiz, Sr., Joe Andrew Ortiz,
S.M.O and C.D.O., through their guardian ad litem Lucy Corral

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joe Ortiz, Sr., Joe Andrew Ortiz, individually and as successors in interest to Joe Ortiz, Jr.; S.M.O. and C.D.O., minors by and through their guardian ad litem, Lucy Coral, individually and as successors in interest to Joe Ortiz, Jr.; Nancy Ortiz, individually and as a successor in interest to Joe Ortiz, Jr.; I.H., J.O., J.P.O, and N.O., minors, by and through their guardian ad litem Nancy Ortiz, individually and as successors in interest to Joe Ortiz, Jr.; the Estate of Joe Ortiz, Jr., by and through his successors in interest. <br><br> Plaintiffs, <br><br>     v. <br><br> City of San Bernardino, Dominick Martinez and Does 1 through 10, inclusive, <br><br> Defendants. | Case No.: <br><br><br> **COMPLAINT FOR DAMAGES DEMAND FOR JURY TRIAL** |

(Representation continued on page 2)

HUMBERTO M. GUIZAR ESQ., SBN 125769
GUIZAR, HENDERSON & CARRAZCO, L.L.P.
18301 Irvine Blvd., Tustin, CA 92780
Telephone: (714) 541-8600
Facsimile: (714) 541-8601
Email: herito@aol.com

LAW OFFICE OF KENNETH L. SNYDER SBN: 228183
21700 Oxnard St., Suite 2080
Woodland Hills, CA 91367
Phone Number: (818) 703-0379
Fax Number: (818) 703-0739
Email: kennethlsnyder@gmail.com

Attorneys for Plaintiffs Nancy Ortiz., I.H., J.O., J.P.O, and N.O.,
through their guardian ad litem Nancy Ortiz

## **COMPLAINT**

Plaintiffs Joe Ortiz, Sr., Joe Andrew Ortiz, individually and as successors in interest to Joe Ortiz, Jr., minor Plaintiffs S.M.O. and C.D.O., by and through their guardian ad litem, Lucy Coral, individually and as successors in interest to Joe Ortiz, Jr.; Nancy Ortiz, individually and as a successor in interest to Joe Ortiz, Jr.; minor Plaintiffs I.H., J.O., J.P.O, and N.O., by and through their guardian ad litem Nancy Ortiz, individually and as successors in interest to Joe Ortiz, Jr. and the Estate of Joe Ortiz, Jr., allege as follows:

## I.

## INTRODUCTION

1.  On October 11, 2015, Defendant City of San Bernardino's police officer, Defendant Dominick Martinez, crashed his police car into the bicycle that Joe Ortiz, Jr. was riding, knocking him to the ground in an alleyway. Defendant Martinez then exited his vehicle, shot and killed Joe Ortiz, Jr. while he lay on the ground unarmed.

2.    This lawsuit seeks to prove the Defendants responsible for violating various rights under the United States Constitution, the California Constitution, federal and California state law by their conduct towards Joe Ortiz, Jr. The decedent's surviving family seeks wrongful death and punitive damages from the Defendants.

3.    Defendants Dominick Martinez and DOES 1-5 ("DOE OFFICERS") proximately caused Joe Ortiz Jr.'s death and Plaintiffs' injuries by firing the shots that killed him, by integrally participating or failing to intervene in the shooting, and by engaging in other acts and/ or omissions around the time of the shooting that resulted in his death.

4.    Defendant City of San Bernardino (Hereinafter also referred to as "CITY") and DOES 6-10 also proximately caused Joe Ortiz Jr.'s and Plaintiffs' injuries. These Defendants are liable under state law, federal law and under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

5.    This civil rights action is in the public interest because the Plaintiffs will discover and challenge the policies, procedures and customs behind shootings of civilians such as Joe Ortiz, Jr. These policies, procedures and customs are fundamentally unconstitutional and constitute a menace of major proportions to the public because they kill unarmed people and are enforced disproportionately by race. The Plaintiffs seek to hold accountable those responsible for killing Joe Ortiz, Jr.

## II.

## PARTIES

6.    At all relevant times, Joe Ortiz, Jr. was an individual residing in San Bernardino, California.

7.    Plaintiff Joe Andrew Ortiz is an individual residing in San Bernardino, California, and is the natural born child of Joe Ortiz, Jr. He sues in both his

individual capacity as the child of Mr. Ortiz and in a representative capacity as a successor-in-interest to Joe Ortiz, Jr. pursuant to California Civil Code § 377.32.  Joe Andrew Ortiz seeks both survivorship and wrongful death damages under federal and state law as well as damages resulting from the violation of his civil rights under 42 USC 1983.

8.   Plaintiff S.M.O. is a minor individual residing in San Bernardino, California and is the natural born child of the Mr. Ortiz Joe Ortiz, Jr. S.M.O. sues by and through his guardian ad litem, Lucy Corral, both in his individual capacity as the child of Mr. Ortiz and in a representative capacity as a successor-in-interest to Joe Ortiz, Jr. pursuant to California Civil Code § 377.32.  S.M.O. seeks both survivorship and wrongful death damages under federal and state law as well as damages resulting from the violation of his civil rights under 42 USC 1983.

9.   Plaintiff C.D.O. is a minor individual residing in San Bernardino, California and is the natural born child of the Mr. Ortiz Joe Ortiz, Jr.. C.D.O. sues by and through his guardian ad litem, Lucy Corral, both in his individual capacity as the child of Mr. Ortiz and in a representative capacity as a successor-in-interest to Joe Ortiz, Jr. pursuant to California Civil Code § 377.32.  C.D.O. seeks both survivorship and wrongful death damages under federal and state law as well as damages resulting from the violation of his civil rights under 42 USC 1983.

10.   Plaintiff Joe Ortiz, Sr. is a natural person that resides in San Bernardino, CA and sues both in his individual capacity as the father of Mr. Ortiz and in a representative capacity as a successor-in-interest to Joe Ortiz, Jr. pursuant to California Civil Code § 377.32. Joe Ortiz, Sr. seeks both survivorship and wrongful death damages under federal and state law as well as damages resulting from the violation of his civil rights under 42 USC 1983.

11.   Plaintiff Nancy Ortiz is a natural person that resides in San Bernardino, CA and sues both in her individual capacity as the wife of Mr. Ortiz and in a

representative capacity as a successor-in-interest to Joe Ortiz, Jr. pursuant to California Civil Code § 377.32. Joe Ortiz, Sr. seeks both survivorship and wrongful death damages under federal and state law as well as damages resulting from the violation of his civil rights under 42 USC 1983.

12. Plaintiff I.H. is a minor individual residing in San Bernardino, California and is the natural born child of Joe Ortiz, Jr. I.H. sues by and through her guardian ad litem, Nancy Ortiz, both in her individual capacity as the child of Mr. Ortiz and in a representative capacity as a successor-in-interest to Joe Ortiz, Jr. pursuant to California Civil Code § 377.32.  I.H. seeks both survivorship and wrongful death damages under federal and state law as well as damages resulting from the violation of his civil rights under 42 USC 1983.

13. Plaintiff J.O. is a minor individual residing in San Bernardino, California and is the natural born child of Joe Ortiz, Jr.  J.O. sues by and through her guardian ad litem, Nancy Ortiz, both in her individual capacity as the child of Mr. Ortiz and in a representative capacity as a successor-in-interest to Joe Ortiz, Jr. pursuant to California Civil Code § 377.32.  J.O. seeks both survivorship and wrongful death damages under federal and state law as well as damages resulting from the violation of his civil rights under 42 USC 1983.

14. Plaintiff J.P.O. is a minor individual residing in San Bernardino, California and is the natural born child of Joe Ortiz, Jr. J.P.O. sues by and through her guardian ad litem, Nancy Ortiz, both in his individual capacity as the child of Mr. Ortiz and in a representative capacity as a successor-in-interest to Joe Ortiz, Jr. pursuant to California Civil Code § 377.32.  J.P.O. seeks both survivorship and wrongful death damages under federal and state law as well as damages resulting from the violation of his civil rights under 42 USC 1983.

15. Plaintiff N.O. is a minor individual residing in San Bernardino, California and is the natural born child of Joe Ortiz, Jr. N.O. sues by and through her guardian

ad litem, Nancy Ortiz, both in her individual capacity as the child of Mr. Ortiz and in a representative capacity as a successor-in-interest to Joe Ortiz, Jr. pursuant to California Civil Code § 377.32.  N.O. seeks both survivorship and wrongful death damages under federal and state law as well as damages resulting from the violation of his civil rights under 42 USC 1983.

16.     Defendants Dominick Martinez and DOES 1 THROUGH 5 ("DOE OFFICERS") are police officers for the Defendant City of San Bernardino's Police Department ("SBPD"). At all times relevant to this complaint, the DOE OFFICERS were acting under color of law within the course and scope of their duties as police officers for the SBPD. The DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant City of San Bernardino.

17.      Defendants DOES 6-8 are supervisorial officers for the SBPD who were acting under color of law within the course and scope of their duties as police officers for the SBPD. DOES 6-8 were acting with the complete authority and ratification of their principal, Defendant City of San Bernardino.

18.     Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the SBPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the SBPD. DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant City of San Bernardino.

19.     At all relevant times, the Defendant City of San Bernardino is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  The city is a chartered subdivision of the State of California with the capacity to be sued. The city is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the SBPD and its agents and employees. At all relevant times,

Defendant City was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the SBPD and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, the City was the employer of Defendant Dominick Martinez and DOES 1-10.

20. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS were acting on the implied and actual permission and consent of supervisory Defendants DOES 6-10.

21. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of the Defendant City.

22. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

23. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

24. All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

25. All Defendants who are natural persons, including Dominick Martinez and DOES 1-10, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the SBPD.

26. Joe Ortiz, Jr. died as a direct and proximate result of the actions of Defendants Dominick Martinez and DOE OFFICERS 1 through 10. Defendants DOE OFFICERS 1 through 10 are directly liable for Plaintiffs' injuries under federal law pursuant to 42 U.S.C. § 1983.

27. Defendants City of San Bernardino and DOES 6-10 are liable for Plaintiffs' injuries under California law and under the doctrine of respondeat superior. Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2, 820, and 820.8.

28. Plaintiffs complied with the California Tort Claims Act by filing a timely claim with the City that was rejected in fact or by operation of law.

### III.

### JURISDICTION AND VENUE

29. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

30. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the City of San Bernardino, California.

31. With respect to Plaintiffs' supplemental state claims, Plaintiffs request that this court exercise supplemental jurisdiction over such claims as they arise from the same facts and circumstances which underlie the federal claims.

//

# IV.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

32. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs of this complaint with the same force and effect as if fully set forth herein.

33. On October 11, 2015 the Defendant Dominick Martinez was on-duty, operating his San Bernardino police car when he crashed it into Joe Ortiz's bicycle, throwing Mr. Ortiz to the ground of an alleyway. As Mr. Ortiz lay on the alleyway, under the police vehicle, Defendant Martinez shot and killed him. Joe Ortiz was unarmed.

34. The decedent, Joe Ortiz, Jr., sustained serious injuries before his death, including but not limited to pain and suffering when he was knocked to the ground off of his bicycle by Defendant Martinez's car, the pain and suffering continued and intensified as Mr. Ortiz was shot by Defendant Martinez repeatedly and continued until he died. Defendant Martinez was at all times relevant here employed with the San Bernardino Police Department and was acting within course and scope of his duties as a police officer and acting under color of law. Defendants DOES 1-10, inclusive, integrally participated in or failed to intervene in the use of force.

35. The use of force against Mr. Ortiz was excessive and objectively unreasonable under the circumstances, especially because at all relevant times Mr. Ortiz was unarmed and did not pose a threat to anyone, including Defendant Martinez.

36. After being knocked to the ground with the police car, Mr. Ortiz was immobile, bleeding, and in obvious and critical need of emergency medical care and treatment. Defendants did not timely summon medical care or permit medical personnel to treat Mr. Ortiz, both before and after he was shot by Defendant Martinez. The delay of medical care to the Mr. Ortiz caused him extreme

physical and emotional pain and suffering, and was a contributing cause of his death.

## V.

## FIRST CLAIM FOR RELIEF

## Unreasonable Search and Seizure-Detention and Arrest

## 42 U.S.C. § 1983

## Against Defendant Dominick Martinez and DOES 1 through 5

37. Plaintiffs repeat and re-allege each and every allegation above with the same force and effect as if fully set forth herein.

38. When Defendant Martinez and DOES 1 through 10 hit Mr. Ortiz's bicycle and caused him to fall off the bicycle onto the alleyway and then shot Mr. Ortiz, as he lay unarmed and injured then placed him in handcuffs, they violated his right to be secure in his person against unreasonable searches and seizures as guaranteed to the him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

39. As a result of their misconduct, Defendants Martinez and DOES 1 to 5 are liable for Mr. Ortiz's injuries, either because they were an integral participant in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

40. Defendant Martinez and DOES 1 through 5 detained Mr. Ortiz without reasonable suspicion and arrested him without probable cause.

41. The conduct of Defendant Martinez and DOES 1 through 5 were willful, wanton, malicious, and acted with reckless disregard for the rights and safety of Mr. Ortiz and therefore warrants the imposition of exemplary and punitive damages as to Defendant Martinez and DOES 1 Through 5.

42.   Plaintiffs bring this claim as successors-in-interest to Mr. Ortiz, and in each case seek both survivorship and wrongful death damages for the violation of Mr. Ortiz's rights.  Said Plaintiffs also seek attorney fees under this claim.

## VI.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure-Excessive Force

### 42 U.S.C. § 1983

### Against Defendant Dominick Martinez and Defendants Does 1 through 5

43.   Plaintiffs repeat and re-allege each and every allegation above with the same force and effect as if fully set forth herein.

44.   Defendant Martinez and DOES 1 Through 5 unjustified shooting deprived Mr. Ortiz of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Mr. Ortiz under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

45.   As a result, Mr. Ortiz suffered extreme pain and suffering and eventually died. Plaintiffs are, therefore, deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Mr. Ortiz, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs also claim funeral and burial expenses and a loss of financial support.

46.   The shooting was excessive and unreasonable, especially because Mr. Ortiz had not threatened to cause physical injury to Defendant Martinez and DOES 1 Through 5 or any other person; in fact, Mr. Ortiz was unarmed.

47.   Defendants Martinez and DOES 1 Through 5 shooting and use of force violated their training was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Mr. Ortiz, and therefore warrants the imposition of exemplary and punitive damages as to individual Defendant Martinez and DOES 1 Through 5.

48.   Plaintiffs bring this claim as successors-in-interest to Mr. Ortiz, and in each case seek both survivorship and wrongful death damages for the violation of Mr. Ortiz's rights.  Said Plaintiffs also seek attorney fees under this claim.

## VII.

## THIRD CLAIM FOR RELIEF

### Substantive Due Process

### 42 U.S.C. § 1983

### Against Defendant Dominick Martinez and DOES 1 Through 5

49.   Plaintiffs repeat and re-allege each and every allegation above with the same force and effect as if fully set forth herein.

50.   Plaintiffs each had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs familial relationship with Mr. Ortiz.

51.   Mr. Ortiz had a cognizable interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

52.   The aforementioned actions of Defendant Martinez and DOES 1 Through 5, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Mr. Ortiz and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

53.   Defendant Martinez and DOES 1 Through 5 thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with Mr. Ortiz.

54. As a direct and proximate cause of the acts of Defendant Martinez and DOES 1 Through 5, Mr. Ortiz experienced severe pain and suffering and lost his life and earning capacity.  Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Mr. Ortiz, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

55. The conduct of Defendant Martinez and DOES 1 Through 5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Mr. Ortiz and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants Martinez and DOES 1 Through 5.

56. Plaintiffs bring this claim individually and seek damages for the violation of their constitutional rights to a familial relationship with Mr. Ortiz. Plaintiffs also seek attorney fees under this claim.

## VIII.

### FIFTH CLAIM FOR RELIEF

### Municipal Liability for Unconstitutional Custom or Policy

### 42 U.S.C. § 1983

### Against Defendant City of San Bernardino and DOES 6-10

57. Plaintiffs repeat and re-allege each and every above with the same force and effect as if fully set forth herein.

58. On information and belief, Defendant Martinez and DOES 1 Through 5 unjustified shooting of Mr. Ortiz was found to be within SBPD policy.

59. On information and belief, Defendants Defendant Martinez and DOES 1 Through 5 unjustified shooting of Mr. Ortiz was ratified by SBPD supervisorial officers.

60.     On information and belief, Defendants Defendant Martinez and DOES 1 Through 5 were not disciplined for the unjustified shooting Mr. Ortiz.

61.     On and for some time prior to October 10, 2015 (and continuing to the present date), Defendants City and DOES 6-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and Mr. Ortiz, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

(a)     Employing and retaining as police officers and other personnel, including DOE OFFICERS, whom Defendants City and DOES 6-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written SBPD policies, including the use of excessive force;

(b)     Of inadequately supervising, training, controlling, assigning, and disciplining their police officers and other personnel, including Defendant Martinez and DOES 1 Through 5, whom Defendants City and DOES 6-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

(c)     By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants Defendant Martinez and DOES 1 Through 5, who are police officers and/or agents of City;

(d)     By failing to discipline its police officers and/or agents' conduct, including but not limited to, unlawful detention and excessive force;

(e)     By ratifying the intentional misconduct of Defendant Martinez and DOES 1 Through 5, and other police officers and/ or agents, who are police officers and/or agents of Defendant City;

(f)     By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs, and practices of Defendants CITY and DOES 6-10 were maintained with a deliberate indifference to individuals' safety and rights; and

(g)     By failing to properly investigate claims of unlawful detention and excessive force by its police officers.

(h)     Improperly training officers on, and maintaining inadequate policies regarding, the proper following, stopping and detaining pedestrians and person on bicycles such that officers created contact with bicycles or individuals with their police cars and causing those person injuries or death.

62.     By reason of the aforementioned policies and practices of Defendant City and DOES 6-10, Mr. Ortiz was severely injured and subjected to pain and suffering and lost his life.

63.     Defendants City and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Mr. Ortiz, Plaintiffs, and other individuals similarly situated.

64.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 6-10 acted with intentional, reckless, and callous disregard for the life of Mr. Ortiz and for Mr. Ortiz's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and

customs implemented, maintained, and still tolerated by Defendants CITY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of Mr. Ortiz and Plaintiffs.

65.   The actions of each of Defendants DOES 6-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 6-10.

66.   By reason of the aforementioned acts and omissions of Defendant City and DOES 6-10, Plaintiffs were caused to incur funeral and related burial expenses, and loss of financial support.

67.   By reason of the aforementioned acts and omissions of Defendant City and DOES 6-10, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

68.   Accordingly, Defendants City and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

69.   Plaintiffs seek both wrongful death damages and survivorship damages under this claim. Plaintiffs also seek attorney fees under this claim.

## IX.

## SIXTH CLAIM FOR RELIEF

## NEGLIGENCE

### Against all Defendants

70.   Plaintiffs re-allege and incorporate the foregoing paragraphs as if set forth herein.

71.   This cause of action arises under the general laws and Constitution of the State of California.  Plaintiffs have complied with the California Tort Claims Act requirements.

72.  Defendant Defendant Martinez, while working as police officers of the SBPD, and acting within the course and scope of his duties, employed negligent tactics and intentionally and/or without due care when he caused his police car to collide with Plaintiff's bicycle. In addition, Defendant Martinez decision to shoot Mr. Ortiz was negligent in that Mr. Ortiz never posed a threat to him or anyone else.  As a result of these intentional acts and negligence, Plaintiff suffered serious injuries.  Defendant Martinez had no legal or reasonable justification for his actions.

73.  Defendant Martinez received inadequate training from the SBPD in the proper manner to operate his police vehicle and on when and how to use force.  As a direct and proximate result of this failure to provide such adequate use of force training to Defendant Martinez, Mr. Ortiz was killed. Causing the present Plaintiffs, the losses and injuries herein complained.

74.  Defendants City of San Bernardino also negligently retained Defendant Martinez, when it was known or should have been known by Defendants City of San Bernardino that said Defendants had on prior occasions improperly operated a police car or created violent confrontations resulting in serious injury, including death.

75.  At the time of the facts alleged above, Defendants City of San Bernardino negligently and carelessly had in place, and had ratified customs and practices which permitted their officers while on duty and while off duty to operate their police cars without care as to their causing injury to property or people, including Defendant Martinez's driving, without taking any action to discipline or prevent negligent driving, including crashing into other objects and injuring people.

76.  Said policies, procedures, customs and practices also called for Defendants City of San Bernardino not to meaningfully discipline, prosecute or in any way deal

with or respond to known incidents, complaints, and instances of the deliberate and reckless creation of improperly operating police cars and also of violent confrontations between police officers of the SBPD.

77. Other systemic deficiencies which indicated, and continue to indicate, a negligent and careless disregard by Defendants City of San Bernardino to the violations of the civil rights by the police officers of the SBPD, include:

    a.  preparation of investigative reports designed to vindicate the use of force against persons with mental illness, regardless of whether such acts were justified;

    b.  preparation of investigative reports which uncritically rely solely on the word of officers involved in the aforementioned confrontations and which systematically fail to credit testimony by non-officer witnesses;

    c.  preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the involved officers; and

    d.  issuance of public statements exonerating officers and other personnel involved in such incidents prior to the completion of investigations of such incidents.

78. Said negligent customs and practices of Defendants City of San Bernardino evidenced a deliberate indifference to the unnecessary use of force against people such as Mr. Ortiz by the failure to change, correct, revoke, or rescind said customs and practices, and tactic and use of force training in light of prior knowledge by said Defendants of indistinguishably similar incidents where tactics, improper driving and use of force caused serious bodily injury to such persons.

79. As a result of the aforementioned negligent and intentional acts, omissions, systematic deficiencies, customs and practices of Defendants City of San

Bernardino the present Defendant Martinez, with his police vehicle, knocked Mr. Ortiz off of his bicycle and onto the alleyway.

80. As a direct and proximate result of the conduct of Defendant Martinez as alleged above, Plaintiff suffered serious injuries and died.

81. Defendants City of San Bernardino is vicariously liable for the wrongful, intentional and/or negligent acts of Defendants Defendant Martinez pursuant to California Government Code §§ 815.2 , 820 and 820.6 which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## XI.

## SEVENTH CLAIM FOR RELIEF

### Violation of the Bane Act California Civil Code §52.1

### Against all Defendants

82. Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth herein.

83. Defendant Martinez and Does 1 through 10 in violation of California Civil Code §52.1, knowingly interfered, through threats, intimidation, or coercion, or have attempted to interfere by threats, intimidation, or coercion, with the rights of the Plaintiffs secured under the Constitution of the State of California and the United States as outlined above; California Civil Code section 43,

84. As a direct and proximate result of the unlawful conduct of said defendants, and each of them, as alleged herein, Plaintiffs' s decedent, Joe Ortiz, suffered emotional and physical injuries and, ultimately, died causing these Plaintiffs the damages set forth above.

85. Defendants Does 1-10, subjected plaintiffs to the aforementioned deprivations by either actual malice or a reckless disregard of Plaintiffs' rights.

86.  The aforementioned acts of Defendants Does 1 through 10 was willful, wanton, malicious, oppressive, and so offensive that it shocks the conscience of any reasonable person in a civilized society, therefore, justifying the awarding of exemplary and punitive damages as against the individual defendants, only.

## XII.

## EIGHTH CLAIM FOR RELIEF

## BATTERY

### Against all Defendants

87.  Plaintiffs repeat and re-allege each and every allegation in the paragraphs above with the same force and effect as though fully set forth herein.

88.  The present cause of action is brought pursuant to section 820 of the California Government Code which provides that a public employee is liable for injury caused by his act or omission to the same extent as a private person. The present claim is also brought pursuant to section 815.2 of the California Government Code which provides that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.   Defendants Martinez and Does 1 and 10, at all times relevant hereto, were acting in the course and scope of their employment with Defendant City of San Bernardino.

89.  Defendants Martinez and Does 1 through 10, without cause or provocation applied unnecessary and excessive force in Defendant Martinez's police car striking Joe Ortiz's bicycle as he rode it causing him to be knocked to the ground in the alleyway and then by shooting Joe Ortiz as he lay on the ground unarmed, as further explained above. As a proximate result of the acts and

omissions of all these defendants, and each of them, Plaintiffs suffered the death of their son, father and husband.

90.    Joe Ortiz did not consent to the touching.

91.    The actions of these defendants in battering Joe Ortiz as described herein was done intentionally and with the deliberate indifference to the pain and suffering such conduct would cause Plaintiff.  As such, said defendants conduct was so odious and despicable that punitive and exemplary damages should be imposed against each of them.

## XIII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants the City of San Bernardino, Defendant Martinez and Does 1-10, inclusive, as follows:

1.    For compensatory damages, including both survivorship damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

2.    For funeral and burial expenses, and loss of financial support;

3.    For punitive damages against the individual defendants in an amount to be proven at trial;

4.    For interest;

5.    For treble damages as to the violation of the Bane Act;

5.    For reasonable costs of this suit and attorneys' fees; and

////

////

////

////

////

////

6.      For such further other relief as the Court may deem just, proper, and appropriate.

DATED: November 2, 2016          CASILLAS & ASSOCIATES
                                 By   /s/Arnoldo Casillas
                                 ARNOLDO CASILLAS
                                 CHRISTIAN F. PEREIRA

DATED: November 2, 2016          GUIZAR, HENDERSON & CARRAZCO, L.L.P.

                                 By: /s/ Humberto Guizar
                                        Humberto Guizar
                                        Kent Henderson
                                        Angel Carrazco

DATED: November 2, 2016          LAW OFFICES OF KENNETH L. SNYDER

                                 By: /s/ Kenneth L. Snyder
                                        Kenneth L. Snyder

**DEMAND FOR JURY TRIAL**

Plaintiffs Joe Ortiz, Sr., and Joe Andrew Ortiz, individually and as a successor in interest to Joe Ortiz, Jr. , S.M.O. and C.D.O. as minors by and through their guardian ad litem, Lucy Coral, individually and as successors in interest to Joe Ortiz, Jr., Nancy Ortiz, individually and as a successor in interest; and minor Plaintiffs I.H., J.O., J.P.O, and N.O., each through their guardian ad litem Nancy Ortiz hereby demand trial by jury.


DATED: November 2, 2016         CASILLAS & ASSOCIATES
                                        By:  /s/Arnoldo Casillas
                                        ARNOLDO CASILLAS
                                        CHRISTIAN F. PEREIRA

DATED: November 2, 2016         GUIZAR, HENDERSON & CARRAZCO, L.L.P.
                                         By: /s/ Humberto Guizar
                                             Humberto Guizar
                                             Kent Henderson
                                             Angel Carrazco

DATED: November 2, 2016         LAW OFFICES OF KENNETH L. SNYDER

                                        By: /s/ Kenneth L. Snyder
                                            Kenneth L. Snyder